**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-4735**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

HOWARD WELSH,

                Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Rebecca Beach Smith, District
Judge.  (2:04-cr-00148-RBS)

—————————

Submitted:  October 23, 2008        Decided:  November 25, 2008

—————————

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

—————————

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

—————————

Edwin F. Brooks, EDWIN F. BROOKS, LLC, Richmond, Virginia, for
Appellant.  Robert Joseph Seidel, Jr., Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Howard Welsh appeals his convictions and 240-month sentence after pleading guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 317 (2000), mail fraud, in violation of 18 U.S.C. § 1341 (2000), and two counts of wire fraud, in violation of 18 U.S.C. § 1343 (2000). Counsel for Welsh filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but asks this court to review whether the district court erred in its determination of the total restitution amount and whether Welsh received ineffective assistance of counsel. Welsh filed a pro se supplemental brief in which he raises over twenty claims of error regarding his extradition and indictment, his convictions and sentence, and the assistance and advice he received from counsel. The Government has filed a motion to dismiss based upon the waiver of appellate rights in Welsh's plea agreement.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2000). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990) (waiver upheld as voluntarily and intelligently made). Whether a defendant has waived his right to appeal is an issue of law subject to de novo review. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A waiver will preclude appeal of a specific issue if the record establishes that the waiver is valid and that the issue is within

2

the scope of that waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). The validity of a waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Id. at 732. This determination is based on the totality of the circumstances, including the adequacy of the plea colloquy and the experience and conduct of the defendant. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

In his pro se supplemental brief, Welsh claims that his appellate waiver was invalid and that he entered his guilty plea only because he received ineffective assistance from his trial counsel. Neither contention warrants relief. First, there is no indication in the record that counsel was ineffective, and Welsh fails to identify any such evidence. Accordingly, because the record does not conclusively establish ineffective assistance, Welsh's assertions that counsel was ineffective in numerous respects, including his claim that counsel advised him to plead guilty without properly investigating a number of available defenses, must be raised in a 28 U.S.C. § 2255 (2000) motion rather than on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Nor is there evidence in the record indicating that Welsh did not knowingly, intelligently, and voluntarily enter into his plea and agree to waive his right to appeal. During the plea

hearing, the district court properly informed Welsh of the rights he was forfeiting and the nature of the charges and penalties he faced, determined that Welsh was competent and entered his plea voluntarily, and found there was a sufficient factual basis for the plea. Furthermore, Welsh stated that he had fully discussed the case and all possible defenses with his attorney, and that he was satisfied with his representation. Finally, the district court noted the appeal waiver contained in his plea agreement. Despite Welsh's present contention that his plea was involuntary, his sworn statements at the Rule 11 hearing are presumed to be true. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Accordingly, because there is no evidence that Welsh's plea was not knowing and voluntary, we find that the appeal waiver included in his plea agreement is valid. See Blick, 408 F.3d at 169.

Welsh next raises a series of jurisdictional claims regarding his case, contending that the district court was not an Article III court, that he was tried under martial law, and that Title 18 of the United States Code is void. While claims regarding jurisdiction are not barred by an appellate waiver, see United States v. Cotton, 535 U.S. 625, 630 (2002), these claims are patently frivolous. Welsh also contends that his extradition amounted to a "kidnaping" in violation of the Vienna Convention and international law, invoking the doctrine of specialty and alleging that his extradition was based upon fraud. However, even assuming

4

that the Vienna Convention or the principle of speciality was violated in this case and that Welsh has standing to raise such a violation, he has waived review of these claims by failing to raise them before the district court. See United States v. Davis, 954 F.2d 182, 186-87 (4th Cir. 1992); see also United States v. Al-Hamdi, 356 F.3d 564, 574 n.13 (4th Cir. 2004) (no indication that Vienna Convention creates individual rights for criminal defendants). Accordingly, such claims are not reviewable on appeal.

Finally, in his Anders and pro se briefs, Welsh contends there were numerous errors relating to his sentence and restitution order. However, these claims are squarely within the scope of the appellate waiver,[*] as Welsh waived the right to appeal "any sentence within the statutory maximum . . . or the manner in which that sentence was determined . . . on any ground whatsoever." See Attar, 38 F.3d at 731-33.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we grant the Government's motion to dismiss the appeal

---

[*]While Welsh contends that restitution was impracticable due to the large number of victims and that the total amount listed in his restitution order was erroneously calculated, he has made no showing that the imposition of restitution in this case was illegal or unauthorized. See United States v. Broughton-Jones, 71 F.3d 1143, 1146-47 (4th Cir. 1995). Accordingly, the restitution order falls within the scope of Welsh's appeal waiver. See United States v. Cohen, 459 F.3d 490, 497 (4th Cir. 2006).

5

as to those claims attacking Welsh's sentence and restitution order, which are barred by the appeal waiver, and deny the motion as to the remaining claims. We affirm the district court's judgment to the extent that Welsh raises claims outside the scope of the waiver provision. Furthermore, while we grant Welsh's motion to exceed the applicable page limitation for pro se supplemental briefs, we deny all other pending motions.

This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>